No. 184.—D. H. WILLIAMS *v.* DOUGLAS, Sheriff, et al.

In executory proceedings to enforce the sale of mortgage property belonging to an absentee, service of notice of the order of seizure and sale upon the attorney appointed by the court to represent the absentee is sufficient to interrupt the current of prescription.

If a mortgage debtor invokes the conservatory remedy of injunction to stay the sale of the property mortgaged, without showing any valid or legal excuse therefor, he will be condemned to pay to the seizing creditor the damages which the law has provided in such cases.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray, J. D. C. Morgan,* for plaintiff and appellant. *Morrison & Farmer,* for defendants and appellees.

TALIAFERRO, J. This case was before this court at the July term, 1869. The judgment of the District Court was reversed and the case remanded for further proceedings in due course of law. See 21 An., p. 468. Subsequently, from the destruction by fire of the court house in which were the public offices of the parish of Morehouse, the original papers of the suit were lost, but the transcript of appeal being preserved, it was substituted for the original record and the case was proceeded with and finally determined in May, 1871. Judgment was rendered in favor of the defendants, dissolving the injunction and allowing them $200 as damages for attorney's fees.

The plaintiff has appealed. Defendants pray that the judgment be amended by awarding them twenty per cent. damages, ten per cent. interest, etc.

Warren, Gilmore & Co., being the owners and holders of a promissory note for the sum of $1700, drawn by the plaintiff, D. H. Williams, to his own order, and secured by mortgage on lands lying in the parish of Morehouse, proceeded *via executiva* against the mortgaged property to enforce payment of the note which bears date sixth March, 1861, and due twelve months after date. Williams being an absentee, the appointment of an attorney to represent him was prayed for. An order of seizure as prayed for was rendered by the district judge on the twenty-first of April, 1866. The order appointing the attorney to represent the defendant was rendered by the clerk of the district court and dated, as appears upon the transcript of appeal, May twenty-sixth, 1868.

The defense is prescription. The plaintiff contends that the note was extinguished on the sixth of March, 1867, and that this fact is apparent on the face of the papers, more than a year afterwards having elapsed before an attorney was appointed to represent the absent defendant. The plaintiff proceeds further to make the following points:

That if the appointment was made in time, it was nevertheless illegal and null, because the power or right to make appointments of

attorneys to represent absentees in cases of executory process vests solely in the district judge, and relies upon article 737 of the Code of Practice.

That, if under the provisions of the act of 1857, extending the powers of clerks of courts, that of appointing attorneys to represent absentees in cases of executory process were granted to them, the power so granted was only conditional, depending upon whether the district judge was present or not in the parish at the time the process was asked for.

That, in the only case in which a clerk could appoint, that of the absence of the judge, such absence should have been shown to the clerk by the affidavit of the party or his attorney, and that in this case no such proof was made.

That, conceding the legality of the proceedings taken in regard to the appointment of the attorney, and that he had been legally served with the proper notice, and that these steps had all been taken previous to sixth March, 1867, when the obligation became extinct by prescription, still no legal citation necessary to interrupt prescription was made, because interruption could only take place by service of the *ex parte* order of seizure and sale made upon the debtor personally.

The position taken by the plaintiff that the appointment of the attorney to represent him was not made until after prescription had accrued, is not tenable. We are satisfied, from comparing the dates of the several acts making up the executory proceedings had in the case, that the date appearing in the record to the order appointing an attorney was, through a clerical error, erroneously written May 26, 1868, instead of May 26, 1866. The order of seizure is dated twenty-first of April, 1866. The notice of the order bears date twenty-sixth of May, 1866, and service of the notice appears in these words: "Received in office on the twentieth day of May, 1866, and on the thirtieth day of May, 1866, I made service by handing J. Harvey Brigham, attorney, a copy of this notice of judgment in the town of Bastrop, Louisiana. J. L. Pratt, sheriff."

Here, then, it is clear the dates of these papers were originally in their natural order. The judgment or order of seizure bearing date twenty-first of April, 1866. The filing of the petition and order on the same, on the twenty-sixth of May, 1866. The appointment of the attorney on the twenty-sixth of May, 1866. The notice of the order on the same day, the receipt of the order and notice by the sheriff also on the same day, and the service of them on the thirtieth of May, 1866.

In regard to the next point of the plaintiff in injunction that the clerk was without authority to appoint an attorney for the absentee,

we think there is no question that by the act of thirteenth March, 1857, he was clothed with that power when the judge of the district was absent. Coming to the next ground taken by the plaintiff, that if authorized in the absence of the judge to issue the order, such absence should be shown by affidavit, we remark that no affidavit showing the absence of the judge is required by the act. It is shown beyond cavil that the order appointing an attorney to represent the absentee was made by the clerk. The maxim *omnia praesumuntur rete esse acta* applies, and against the presumption that the order was rendered in the absence of the judge, it was for the plaintiff to show that it was not

The last point made by the plaintiff is, that notice of the issuing of an order of seizure and sale served upon the attorney appointed to represent an absentee is insufficient to interrupt prescription, is a doctrine we are not willing to assent to. Executory process would otherwise, as against absentees, be nugatory. It would be conceding greater rights to persons residing without our State limits than to those living within them. While our laws deal fairly and justly with absentees by appointing persons to represent them, and to defend them in all matters affecting their rights in this State, still, that representation is intended as well to afford facilities to our own citizens to prosecute their claims against absentees. If citation and notice made upon the representative of an absentee would not suffice to interrupt prescription running in favor of the absentee, we do not readily see how it could be effected. We can not see that such a rule could be sanctioned by the broad principles of reason and equity.

We are of opinion that the equitable remedy of injunction has in this case been abused. The plaintiff has found means to procrastinate the payment of a just debt to an undue extent, and seeks now through a tissue of technicalities to evade its payment entirely. We think he has thereby incurred the penalties justly prescribed for that character of litigation.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be amended, so that in addition to the sum of $200 awarded to the defendants in injunction, Warren & Crawford, as special damages, it is now ordered and decreed that they recover from the plaintiff in injunction and his sureties on his injunction bond *in solido*, viz: David H. Williams, S. G. Parsons, R. B. Todd and J. Harvey Brigham, as general damages, the further sum of twenty per cent. of the amount adjudged against the said Daniel H. Williams by the original order of seizure and sale rendered on the twenty-first of April, 1866. It is further ordered that the said judgment of the District Court, rendered on the twenty-third of May, 1871, as thus amended, be affirmed with costs.